# EXHIBIT 5



2000 Pennsylvania Avenue, NW, Suite 9000
Washington, DC 20006-1811
T 202.293.7060
F 202.293.7860

www.sughrue.com

**Raja N. Saliba**
T 202.663-7468
rsaliba@sughrue.com

October 17, 2022

**_VIA ELECTRONIC MAIL_**
Robert W. Trenchard
GIBSON DUNN
200 Park Ave.
New York, N.Y. 10166-0193

>       Re:       **_Shilpa Pharma, Inc., v. Novartis Pharmaceuticals Corporation_**,
>                 **_C.A. No. 21-558-MN (D. Del. 2021)_**

Dear Bob:

        We write regarding your recently served subpoenas to Ming Chow, Chid S. Iyer, and Sughrue Mion PLLC.  While objections and responses to the various subpoenas and associated requests for documents will be forthcoming, we write to advise you of our concerns as to the broad scope of these subpoenas and to determine whether Novartis agrees to limit the scope of testimony sought.

**Mr. Ming Chow**

        For the reasons set forth in Mr. Chow's Objections And Responses to Novartis' Subpoena _Duces Tecum_ and the Parties' correspondences of August 3, August 5 and August 25, Mr. Chow objects to the scope of any deposition seeking information beyond his representation of Shilpa in prosecution of the '207 Patent application, during the time period which he represented them from 2010-2013.

        No other claim or defense in this case requires the disclosure of other patent applications or other matters beyond the prosecution of the '207 application during the relevant time period. Please state whether you agree to limit the scope of a deposition for Mr. Chow accordingly.  If so, we will advise as to dates of his availability.

**Mr. Chid S. Iyer**

        Mr. Iyer's deposition should be limited to his early 2016 interactions with Novartis regarding the issuance of the '816 patent in suit, as it pertains to Novartis' defense of willful infringement. Throughout the case, that is the subject matter Novartis has represented to the Court for which Mr. Iyer's testimony is required. But Novartis's subpoena to Mr. Iyer is not limited in any way.  As you know, Mr. Iyer did not represent Shilpa in the prosecution of the



Robert W. Trenchard
October 17, 2022
Page 2

'207 patent application and none of Novartis's inequitable conduct claims relate in any way to Mr. Iyer's post-issuance correspondence with Novartis in early 2016.

So too, none of Mr. Iyer's activities after his correspondence with Novartis ended in 2016 is probative of any claim or defense of any party in this case. Mr. Iyer's representation of Shilpa beyond the limited subject matter of the early 2016 discussions with Novartis is privileged, subject to the attorney work product doctrine, and not proportional to the needs of any party's claims or defenses in this case.

Please state whether you agree to limit the scope of a deposition for Mr. Iyer accordingly.

**Sughrue Mion PLLC**

Novartis's deposition notice of Sughrue Mion is inappropriate and unnecessary, so we ask that it be withdrawn.  Shilpa's law firm of record is improperly named as a deponent, particularly when its counsel of record, Mr. Iyer, will be made available for deposition on the only subject matter Novartis has repeatedly represented to the Court it seeks in defense of willfulness. Neither Sughrue Mion nor Mr. Iyer was involved in the prosecution of the '816 patent-in-suit.  Most, if not all, of the 22 deposition topics are directed to issues on which discovery has been stayed in this case, all of which seek information that is protected by the attorney-client privilege or the attorney work product doctrine.  The subject matter for most, if not all, requests delves deeply into the relationship between law firm and client and communications between lawyer and client regarding the subject matter of this case.  The subpoena for deposition to Sughrue Mion PLLC seems to be little more than targeted harassment.

We consider the subpoena to be improper.  Please advise if you will withdraw it.

Sincerely,

/ *Raja N. Saliba* /
Raja N. Saliba

RNS/cf