# EXHIBIT 6

| | |
|---|---|
| **From:** | Whitcher, Emily M. <EWhitcher@gibsondunn.com> |
| **Sent:** | Monday, October 24, 2022 3:16 PM |
| **To:** | Saliba, Raja |
| **Cc:** | Love, Jane M.; DSilver@McCarter.com; ajoyce@mccarter.com; Ranney, Christine; Glandorf, David; Trenchard, Robert W.; Dzwonczyk, Michael R.; Rachuba, L Roman; eormerod; Neal C. Belgam; Felitti, Lauren E.; Torchia, Paul E.; Huang, Aileen C.; Blythe, Andrew Philip |
| **Subject:** | RE: Shilpa v Novartis - Subpoenas |



Counsel,

We write in response to your October 17, 2022 letter regarding Novartis's subpoenas to Ming Chow, Chid S. Iyer, and Sughrue Mion PLLC. We will not be withdrawing any of these subpoenas.

**Ming Chow**

We do not agree to limit the scope of Mr. Chow's deposition to "his representation of Shilpa in prosecution of the '207 Patent application." While certainly that will be the focus of his deposition, we expect that Shilpa's view of the scope of that topic differs from Novartis's and do not find it productive to preemptively introduce such a limitation. We do not intend to delve into the details of Mr. Chow's discipline record at the Patent Office, but do anticipate having some questions about it.

However, we can agree to a 4 hour limit to Mr. Chow's deposition.

**Chid S. Iyer**

We do not agree to limit the scope of Mr. Iyer's deposition in any way. Novartis is entitled to assess the veracity of your statement that "Mr. Iyer did not represent Shilpa in the prosecution of the '207 patent application." Further, it is simply not true that "none of Novartis's inequitable conduct claims relate in any way to Mr. Iyer's post-issuance correspondence with Novartis in early 2016." Nor has Novartis ever represented that Mr. Iyer's testimony is only relevant to willfulness. As you know, Novartis's complaint and amended counterclaims delineate the relevance of Shilpa's early 2016 communications with Novartis to Novartis's inequitable conduct defense and counterclaims. *See, e.g.*, D.I. 85 ¶ 39, 77-79. We also disagree that "none of Mr. Iyer's activities after his correspondence with Novartis ended in 2016 is probative of any claim or defense of any party in this case."

As you know, Novartis intends to challenge privilege based on the crime fraud exception. Thus, we would agree to postpone Mr. Iyer's deposition until after the court has ruled on the applicability of the crime fraud exception. However, this postponement would not apply to Mr. Iyer's production of documents and a privilege log.

**Sughrue Mion PLLC**

As with Mr. Iyer, we do not agree to limit the scope of Sughrue's deposition in any way for at least the same reasons. All of the deposition topics relate to inequitable conduct, which remains a live issue. There is nothing improper about

naming a law firm as a deponent.  As with any other company, Sughrue can designate Mr. Iyer to testify on its behalf.  Should Mr. Iyer be so designated, Novartis agrees that Mr. Iyer's and Sughrue's depositions can be a combined deposition that will be limited to a single 7-hour day.

We can also agree to postpone Sughrue's deposition until after the court has ruled on the applicability of the crime fraud exception.  However, this postponement would not apply to Sughrue's production of documents and a privilege log.

If Shilpa is refusing to produce any of these witnesses for deposition, please let us know so that we can promptly schedule a meet and confer.

**Emily M. Whitcher**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3876 • Fax +1 949.475.4656
EWhitcher@gibsondunn.com • www.gibsondunn.com