# EXHIBIT 7



2000 Pennsylvania Avenue, NW
Washington, DC 20006
T 202.293.7060
F 202.293.7860

www.sughrue.com

**Raja N. Saliba**
T 202.663.7468
rsaliba@sughrue.com

October 25, 2022

*Via Electronic Mail*
Robert W. Trenchard
Gibson Dunn LLP
200 Park Avenue
New York, NY 10166

      **Re:**    *Shilpa Pharma, Inc., v. Novartis Pharmaceuticals Corporation*,
                C.A. No. 21-558-MN (D. Del. 2021)

Dear Bob,

Further to our letter of October 17, 2022, we write in response to Novartis's subpoena to Chid S. Iyer of October 11, 2022 with the following objections to Novartis's Document Requests set forth in Attachment A to the subpoena.

### General Objections

The following General Objections are made to each and every Document Request, irrespective of whether they are stated specifically in response thereto.  The assertion of additional specific objections to a particular Document Request shall not be construed as waiving any applicable General Objection.

Mr. Iyer, a non-party to this litigation, objects to the Document Requests to the extent that the burden or expense of the proposed discovery outweighs the likely benefit, taking into account the needs of the investigation, the amount in controversy, the parties' resources, the importance of the issues at stake in investigation, and the importance of the proposed discovery in resolving the issues.

Mr. Iyer objects to the Document Requests to the extent that they are overly broad, unduly burdensome, vague and/or ambiguous.

Mr. Iyer objects to the Document Requests to the extent that they seek information, documents, or things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.



Robert W. Trenchard
October 25, 2022
Page 2

Mr. Iyer objects to the Document Requests to the extent they seek the production of documents and information that is already produced in this litigation, in the possession of Novartis and/or could be obtained from the other parties in this action or elsewhere.

Mr. Iyer objects to the Document Requests to the extent that they seek documents or things that are protected from discovery by the attorney-client privilege, the work-product doctrine and/or any other applicable privilege or immunity.

Mr. Iyer objects to the Document Requests to the extent they seek confidential and/or proprietary business records and things regarding trade secrets, confidential research, or other proprietary information, as well as to the extent these documents and things cannot be produced without potentially violating non-disclosure agreements or confidentiality obligations already in place with entities other than the requesting party.

Mr. Iyer objects to the instruction to provide a "privilege log" as unduly burdensome, not relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the fact that the Document Requests on their face seek information from a non-party attorney that is unquestionably protected from disclosure by the attorney-client privilege and the attorney work product doctrine.  Moreover, the instruction to provide a "privilege log" seeks information duplicative of information already provided in Shilpa's privilege log.

## Specific Objections

### Request No. 1

All communications between you and Shilpa relating to the prosecution of the 207 Application and/or enforcement of the 816 Patent.

Response:

In addition to the foregoing General Objections, Mr. Iyer objects to this Document Request as it seeks information protected by attorney-client privilege and/or the work-product doctrine.

### Request No. 2

All documents you exchanged with Shilpa relating to the prosecution of the 207 Application and/or enforcement of the 816 Patent.



Robert W. Trenchard
October 25, 2022
Page 3

Response:

    In addition to the foregoing General Objections, Mr. Iyer objects to this Document Request as it seeks information protected by attorney-client privilege and/or the work-product doctrine.

**Request No. 3**

    All notes reflecting the contents of communications with Shilpa relating to the prosecution of the 207 Application and/or enforcement of the 816 Patent.

Response:

    In addition to the foregoing General Objections, Mr. Iyer objects to this Document Request as it seeks information protected by attorney-client privilege and/or the work-product doctrine.

**Request No. 4**

    All communications with third parties, including at least Ming Chow, relating to the prosecution of the 207 Application and/or enforcement of the 816 Patent.

Response:

    In addition to the foregoing General Objections, Mr. Iyer objects to this Document Request as it seeks information protected by attorney-client privilege and/or the work-product doctrine.

**Request No. 5**

    All documents you exchanged with third parties, including at least Ming Chow, relating to the prosecution of the 207 Application and/or enforcement of the 816 Patent.

Response:

    In addition to the foregoing General Objections, Mr. Iyer objects to this Document Request as it seeks information protected by attorney-client privilege and/or the work-product doctrine.



Robert W. Trenchard
October 25, 2022
Page 4

**Request No. 6**

All notes reflecting the contents of communications with third parties, including at least Ming Chow, relating to the prosecution of the 207 Application and/or enforcement of the 816 Patent.

Response:

In addition to the foregoing General Objections, Mr. Iyer objects to this Document Request as it seeks information protected by attorney-client privilege and/or the work-product doctrine.

**Request No. 7**

Documents sufficient to show when you first you first communicated with Shilpa about the 207 Application and/or 816 Patent.

Response:

In addition to the foregoing General Objections, Mr. Iyer objects to this Document Request as it seeks information protected by attorney-client privilege and/or the work-product doctrine.

**Request No. 8**

Documents sufficient to show any fee arrangements between you and Shilpa relating to the prosecution of the 207 Application and/or enforcement of the 816 Patent.

Response:

In addition to the foregoing General Objections, Mr. Iyer objects to this Document Request as it seeks information protected by attorney-client privilege and/or the work-product doctrine.

**Request No. 9**

All invoices submitted by you to Shilpa reflecting work relating to the 207 Application and/or 816 Patent.



Robert W. Trenchard
October 25, 2022
Page 5


<u>Response:</u>

      In addition to the foregoing General Objections, Mr. Iyer objects to this Document Request as it seeks information protected by attorney-client privilege and/or the work-product doctrine.

                         Sincerely,

                         */s/ Raja Saliba*

                         Raja N. Saliba