# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHILPA PHARMA, INC., <br>    Plaintiff, <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br>    Defendant, <br><br> -and- <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br>    Defendant-Counterclaim Plaintiff, <br><br> v. <br><br> SHILPA PHARMA, INC., <br>    Plaintiff-Counterclaim Defendant <br><br> -and- <br><br> SHILPA MEDICARE LIMITED, <br>    Counterclaim Defendants. | C.A. No. 21-558-MN <br><br> **JURY TRIAL DEMANDED** <br><br>  <br><br> PUBLIC VERSION FILED <br> February 15, 2023 |

## NOTICE OF SERVICE OF SUBPOENA

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45, Defendant and Counterclaim Plaintiff Novartis Pharmaceuticals Corporation will serve the subpoena attached hereto in the above-referenced action on Ascend Laboratories LLC.

Dated: February 7, 2023

OF COUNSEL:

Jane M. Love, Ph.D.
Robert Trenchard
Paul E. Torchia
Allyson Parks
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
jlove@gibsondunn.com
rtrenchard@gibsondunn.com
ptorchia@gibsondunn.com
aparks@gibsondunn.com

David Glandorf, Ph.D.
Christine Ranney
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
dglandorf@gibsondunn.com
cranney@gibsondunn.com

Emily M. Whitcher
Andrew P. Blythe
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive,
Irvine, CA 92612
ewhitcher@gibsondunn.com
ablythe@gibsondunn.com

McCARTER & ENGLISH, LLP

By: /s/ *Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
*dsilver@mccarter.com*
*ajoyce@mccarter.com*

*Counsel for Defendant*
*Novartis Pharmaceuticals Corporation*

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Shilpa Pharma, Inc. <br> *Plaintiff* <br> v. <br> Novartis Pharmaceuticals Corporation <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 21-558-MN |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Ascend Laboratories LLC c/o James Giuliano
339 Jefferson Road Suite 101 Parsippany, NJ 07054

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment A

| Place: McCarter & English, LLP <br> 405 N. King St., 8th Flr. <br> Wilmington, DE 19801 | Date and Time: <br> 02/28/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: videotaped

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/7/2023

| CLERK OF COURT | OR | /s/ Daniel M. Silver (#4758) |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Novartis Pharmaceuticals Corporation , who issues or requests this subpoena, are:

Daniel M. Silver, Esq., McCarter & English, LLP. Renaissance Centre, 405 N. King St., 8th Flr., Wilmington, DE 19801, dsilver@mccarter.com, 302-984-6300

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 21-558-MN

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

**DEFINITIONS AND INSTRUCTIONS**

A. "Shilpa" means Shilpa Pharma, Inc. and Shilpa Medicare Limited, both individually and collectively, and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, managing partners, employees, agents, attorneys, representatives, partners, affiliates, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

B. "Novartis" means Novartis Pharmaceuticals Corporation, and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, partners, affiliates, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

C. "Ascend" or "You" means Ascend Laboratories LLC, and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, partners, affiliates, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

D. "816 Patent" shall refer to U.S. Patent No. 9,266,816.

E. The term "fingolimod" means 2-amino-2-[2-(4-octylphenyl)ethyl]propane-1,3-diol hydrochloride (also known as FTY720) or a different pharmaceutically acceptable salt of 2-amino-2-[2-(4-octylphenyl)ethyl]propane-1,3-diol.

F. "Form beta" shall refer to the crystalline polymorphic form β of fingolimod hydrochloride, as described in the 816 Patent.

G.      "Form I" shall refer to the crystalline polymorphic form β of fingolimod hydrochloride, as described in the 816 Patent and WO 2010/055028 A2.

H.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and specifically includes documents (such as e-mail, word processing files, and other computerized data) which may exist only in electronic form. A draft or non-identical copy is a separate document within the meaning of this term.

I.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

J.      The term "concerning" means referring to, relating to, reflecting, discussing, describing, showing, commenting on, evidencing, comprising, constituting, or summarizing.

K.      The terms "related to" and "relating to" mean referring to, summarizing, reflecting, commenting on, constituting, containing, embodying, mentioning, showing, comprising, evidencing, discussing, or describing.

L.      The term "person" means any natural person or any business, legal, or governmental entity or association and the officers, directors, employees, agents, and attorneys thereof.

M.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all documents and/or things that might otherwise be construed to be outside of its scope.

N.      The use of the singular form of any word includes the plural and vice versa.

### DEPOSITION TOPICS

1.      The documents You produce in response to this subpoena.

2.      The authenticity of the documents You produce in response to this subpoena.

3. The making and keeping of documents You produce in response to this subpoena.

**Attachment B**

**DEFINITIONS AND INSTRUCTIONS**

A. The Definitions and Instructions in Attachment A are incorporated herein by reference.

B. If, after responding to any request, you obtain or become aware of any further documents or things responsive to these requests, you are required to supplement your responses and to provide Novartis with such additional documents or things.

C. If you believe that any of the following requests calls for an assertion of a claim of privilege, you are required to prepare a "privilege log" listing the following information for each document or part thereof withheld on such a basis: (i) the title or general subject matter of each document; (ii) the type of document (e.g., letter, memorandum, note, report, etc.); (iii) the date of the document; (iv) the name of the author of the document; (v) the person(s) for whom the document was prepared, to whom it was sent, and who received copies; and (vi) the nature and the basis for the claim of privilege.

D. You shall produce documents pursuant to the United States District Court for the District of Delaware's Default Standard for Discovery, including Discovery of Electronically Stored Information ("ESI"), unless the parties agree otherwise.

E. If, for reasons other than privilege, you refuse to produce documents or withhold documents sought in any request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

**DOCUMENT REQUESTS**

1. All documents relating to Shilpa that in any way discuss, mention, or otherwise concern fingolimod.

2. All documents relating to Your commercialization, sale, resale, or use of any fingolimod product supplied by Shilpa.

3. All documents relating to any testing or analysis done by You or Shilpa of any fingolimod product supplied by Shilpa.

4. All documents relating to the importation of any Shilpa fingolimod product into United States.

5. Documents sufficient to show the financial information related to any purchase of Shilpa fingolimod product, including revenues, volumes, and prices.

6. All documents relating any effort by Shilpa to "mark" as described in 35 U.S.C. § 287(a) any fingolimod transferred to You, whether in the United States or elsewhere.

7. All documents relating to the 816 Patent.

8. All documents relating to any analysis of the similarities or differences between fingolimod form beta and fingolimod form I.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on February 7, 2023 on the following counsel in the manner indicated below.

## VIA EMAIL

Neal C. Belgam
Eve H. Ormerod
SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Ste. 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

Michael R. Dzwonczyk
Raja N. Saliba
Roman Rachuba
SUGHRUE MION, PLLC
2000 Pennsylvania Ave., NW
Washington, DC 20037
(202) 293-7060
mdzwonczky@sughrue.com
rsaliba@sughrue.com
lrachuba@sughrue.com

*Counsel for Plaintiff Shilpa Pharma, Inc.*

Dated: February 7, 2023  */s/ Daniel M. Silver*
Daniel M. Silver (#4758)